**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| CHRISTOPHER BAIN MITCHUM, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: 1:25-cv-00439-B |
| v. ) | |
| ) | |
| SETERUS, INC., ET AL, ) | |
| ) | |
| DEFENDANTS. ) | |

**SELECT PORTFOLIO SERVICING, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO THE AMENDED COMPLAINT**

COMES NOW Select Portfolio Servicing, Inc. ("SPS"), and respectfully submits the following answer and affirmative defenses to the Amended Complaint filed by Christopher Mitchum ("Plaintiff"), stating as follows:

**PARTIES AND JURISDICTION**

1. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 1, and it therefore denies same.

2. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 2, and it therefore denies same.

3. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 3, and it therefore denies same.

4. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 4, and it therefore denies same.

5. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 5, and it therefore denies same.

6. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 6, and it therefore denies same.

7. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 7, and it therefore denies same.

8. SPS admits that this lawsuit relates to the property located at 23967 Meadow Creek, Robertsdale, Alabama 36567.

9. SPS admits that it is a foreign corporation with its principal place of business in Salt Lake City, Utah and that it does business in Baldwin County, Alabama.

10. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 10, and it therefore denies same.

11. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 11, and it therefore denies same.

## STATEMENT OF FACTS

12. Admitted.

13. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 13, and it therefore denies same.

14. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 14, and it therefore denies same.

15. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 15, and it therefore denies same.

16. SPS admits that the loan was modified as set forth in Exhibit B to the Amended Complaint.  SPS is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 16, and it therefore denies same.

17.     SPS is without sufficient information or knowledge to admit or deny whether the modification was witnessed or notarized. SPS denies any allegations of wrongdoing against it, and further states that it had no involvement with the loan at issue at the referenced time.

18.     SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 18, and it therefore denies same.

19.     SPS admits that the loan was modified as set forth in Exhibit C to the Amended Complaint. SPS is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 19, and it therefore denies same.

20.     SPS is without sufficient information or knowledge to admit or deny whether the modification was witnessed or notarized. SPS denies any allegations of wrongdoing against it, and further states that it had no involvement with the loan at issue at the referenced time.

21.     SPS states that the terms of the loan modification agreements speak for themselves. SPS denies any allegations of wrongdoing against it.

22.     SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 22, and it therefore denies same.

23.     SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 23, and it therefore denies same.

24.     SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 24, and it therefore denies same.

25.     SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 25, and it therefore denies same.

## COUNT ONE

26.     SPS incorporates its previous responses as if set forth fully herein.

27.     Admitted upon information and belief.

28. SPS admits that the loan was modified as set forth in Exhibit B to the Amended Complaint. SPS is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 28, and it therefore denies same.

29. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 29, and it therefore denies same.

30. SPS admits that the loan was modified as set forth in Exhibit C to the Amended Complaint. SPS is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 30, and it therefore denies same.

31. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 31, and it therefore denies same.

32. Denied as stated, although SPS admits that it began servicing the loan on or about February 2, 2022.

33. SPS is without sufficient information or knowledge to admit or deny the allegations in Paragraph 33 as worded, and it therefore denies same and further denies any allegations of wrongdoing against it.

34. Denied.

35. Denied.

36. Denied.

In response to the "WHEREFORE" paragraph, SPS denies that Plaintiff is entitled to any relief from SPS.

## COUNT TWO

37-43. Paragraphs 37-43 are not directed to SPS. Thus, no response from SPS is required.

## COUNT THREE

44-49.   Paragraphs 44-49 are not directed to SPS.  Thus, no response from SPS is required.

## COUNT FOUR

50-55.   Paragraphs 50-55 are not directed to SPS.  Thus, no response from SPS is required.

## COUNT FIVE

56.   SPS incorporates its previous responses as if set forth fully herein.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

In response to the "WHEREFORE" paragraph, SPS denies that Plaintiff is entitled to any relief from SPS.

## COUNT SIX

62-63.   Paragraphs 62, 61, 62, and 63 are not directed to SPS.  Thus, no response from SPS is required.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's Complaint is subject to dismissal because it fails to comply with the pleading requirements of Rules 8, 10 and 12 of the Federal Rules of Civil Procedure.  In addition, some or all of Plaintiff's allegations otherwise fail to state a claim upon which relief can be granted.

2.   Plaintiff lacks standing to assert one or more of his claims.

  3. Plaintiff's claims are barred by his failure at equity and by the doctrine of unclean hands.

  4. SPS pleads the defenses of res judicata, collateral estoppel, claim preclusion, and issue preclusion.

  5. Some of Plaintiff's claims are barred by the applicable statute of limitations.

  6. Plaintiff's claims are barred by a failure to comply with conditions precedent.

  7. SPS pleads the defenses of laches, acquiescence, ratification, statute of frauds, statute of repose, release, waiver, illegality, fraud, accord and satisfaction, parol evidence, payment, and judicial estoppel.

  8. SPS pleads the doctrines of setoff and recoupment.

  9. Plaintiff's claims are barred, in whole or in part, to the extent that SPS's actions were justified and in conformity with applicable laws and regulations.

  10. To the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of, persons, parties, and/or entities other than SPS.

  11. SPS denies that any of Plaintiff's alleged damages were proximately caused by SPS.

  12. Plaintiff has failed to mitigate his damages.

  13. To the extent Plaintiff requests punitive damages from SPS, SPS denies that it is guilty of any conduct entitling Plaintiff to recover punitive damages.

  14. To the extent Plaintiff seeks punitive or exemplary damages from SPS, those claims violate SPS's rights to procedural and substantive due process under the Fifth and Fourteenth Amendment of the United States Constitution.

15. To the extent Plaintiff requests punitive damages from SPS, Plaintiffs are barred from recovering punitive damages in excess of those limits established by Ala. Code § 6-11-21 (1975), as amended, and applicable Alabama and federal case law.

SPS reserves the right to amend its answer and affirmative defenses as this case progresses.

Respectfully submitted,

<u>/s/ Graham Gerhardt</u>
Graham W. Gerhardt
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
ggerhardt@bradley.com

ATTORNEY FOR SELECT PORTFOLIO SERVICING, INC.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 5, 2025, I electronically filed the foregoing via the Court's electronic filing system, which will send notification to the following:

Joseph A. Morris, Esq.
MORRIS, ANDREWS, TALMADGE & DRIGGERS, LLC
169 Dauphin Street, Suite 202
Mobile, Alabama 36602

Braxton Lowe, Esq.
P.O. BOX 3435
Gulf Shores, Alabama 36547

Roy Wallace Harrell, III, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308

                              **/s/ Graham Gerhardt**
                              OF COUNSEL