**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| CHRISTOPHER BAIN MITCHUM, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO. 25-00439-KD-B |
| | * |
| SETERUS, INC., *et al.*, | * |
| | * |
|     Defendants. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper, Mortgage Electronic Registration Systems, Inc., Federal National Mortgage Association, and Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor by merger to Seterus, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 10). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). For the reasons stated below, the undersigned recommends that the motion be **GRANTED in part** and **DENIED in part**, that Plaintiff's first amended complaint be **DISMISSED without prejudice** as an impermissible shotgun pleading, and that Plaintiff be afforded an opportunity to file a second amended complaint that complies with federal pleading requirements.

## I.     BACKGROUND

Plaintiff Christopher Bain Mitchum ("Plaintiff") commenced this action in the Circuit Court of Baldwin County, Alabama, by filing a complaint against Seterus, Inc. ("Seterus"), Federal National Mortgage Association ("Fannie Mae"), Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Kara Love Mitchum ("Kara Mitchum"), and Fictitious Defendants A through F.  (Doc. 1-2 at 6-13).  Plaintiff asserted causes of action for declaratory judgment, fraudulent misrepresentation and forgery, negligence/wantonness, and unjust enrichment.  (Id. at 8-11).  Plaintiff's claims arise from allegations that his former spouse Kara Mitchum obtained modifications to a jointly held mortgage after their divorce by forging Plaintiff's name on loan modification documents without his knowledge or permission, and that she was able to do so because of the other Defendants' negligence or wantonness.  (See id. at 7-8).

On July 21, 2025, Defendants Nationstar, MERS, Fannie Mae, and Nationstar as successor by merger to Seterus (collectively, "Movants") filed a partial motion to dismiss Plaintiff's complaint.  (Id. at 66-73).  On September 19, 2025, the circuit court granted the motion in part, dismissed Plaintiff's unjust enrichment count and his claimed damages related to the impairment of his legal or equitable interests in the subject property with

2

prejudice, and ordered Plaintiff to file an amended complaint. (Id. at 88-89).  On October 3, 2025, Plaintiff filed a first amended complaint against Seterus, Fannie Mae, MERS, Nationstar, Kara Mitchum, Select Portfolio Servicing, Inc. ("Select Portfolio"), and Fictitious Defendants A, B, C, E, and F.[1]  (Id. at 90-97).  The first amended complaint contains causes of action for "Complaint for Declaratory Judgment" (count one) against unspecified defendants; "Fraudulent Misrepresentation and Forgery" against Kara Mitchum (count two), "Negligence/Wantonness/Fraud" relating to a 2017 loan modification against Seterus, Fannie Mae, and MERS (count three); "Negligence/Wantonness/Fraud" relating to a 2020 loan modification against Nationstar and MERS (count four); "Wrongful Credit Reporting" against unspecified defendants (count five); and "Fictitious Defendants" (count six).  (Id. at 93-96).

On October 30, 2025, Movants removed this action to federal court.  (Doc. 1).  On November 14, 2025, Movants filed the instant motion to dismiss Plaintiff's first amended complaint.[2]  (Doc. 10). Plaintiff filed a response to the motion to dismiss on December 3, 2025.  (Doc. 14).  Movants filed a reply on December 10, 2025.

---

[1] The first amended complaint is currently Plaintiff's operative pleading in this action.

[2] Select Portfolio and Kara Mitchum filed answers to the first amended complaint.  (Docs. 4, 9).

(Doc. 15).  The motion to dismiss has thus been fully briefed and is ripe for resolution.

## II.  <u>LEGAL STANDARDS</u>

### A. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim.  <u>Randall v. Scott</u>, 610 F.3d 701, 708 n.2 (11th Cir. 2010).

When evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  <u>Almanza v. United Airlines, Inc.</u>, 851 F.3d 1060, 1066 (11th Cir. 2017).  That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth."  <u>Mamani v. Berzain</u>, 654 F.3d 1148, 1153 (11th Cir. 2011).  A complaint

does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## B. Rules 8 and 10

A complaint in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The purpose of Rule 8(a)(2) is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation omitted). Moreover, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b). "These rules work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . .'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

5

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four general types or categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

"When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006); see also Magluta v. Samples, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) (per

curiam) (noting that the Eleventh Circuit has "held that district courts confronted by [shotgun pleadings] have the inherent authority to demand repleader sua sponte").

### III. **DISCUSSION**

Movants seek partial dismissal of the amended complaint on several bases.  First, Movants argue that counts three and four should be dismissed to the extent they allege negligence or wantonness because Alabama law does not recognize claims for negligent or wanton mortgage servicing.  (Doc. 10 at 3-5).  Second, Movants contend that counts three and four should be dismissed to the extent they allege fraud because they are not pled with the required particularity.  (Id. at 6-7).  Third, Movants assert that the "Wrongful Credit Reporting" claim in count five fails to state a cause of action under either the Fair Credit Reporting Act or Alabama common law.  (Id. at 7-10).  Fourth, Movants maintain that the first amended complaint is an impermissible shotgun pleading that fails to provide adequate notice of the claims being asserted against each defendant and the grounds upon which each claim rests.  (Id. at 10-12).  Upon review, the undersigned agrees with Movants that the first amended complaint is subject to dismissal as an impermissible shotgun pleading but finds that Plaintiff should be granted leave to correct his pleading errors in a second amended complaint.

Plaintiff's first amended complaint falls squarely into the first, third, and fourth categories of shotgun pleadings identified by the Eleventh Circuit in <u>Weiland</u>. The complaint falls into the first shotgun pleading category because it includes multiple counts where each count adopts the allegations of all preceding paragraphs and counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.

The complaint falls into the third shotgun pleading category because it combines causes of action or claims for relief that should be pled separately into individual counts. This issue is most glaring in counts three and four, where Plaintiff appears to lump distinct causes of action for negligence, wantonness, and fraud under a single heading. That this manner of pleading does not "promote clarity" is illustrated by the fact that Movants have asserted two entirely separate arguments for why counts three and four should be dismissed on the merits.

The complaint is also a quintessential shotgun pleading of the fourth type because it repeatedly fails to differentiate between the defendants and fails to make clear which claims are asserted against which defendants. Counts one and five simply refer to "Defendants" without making clear which defendants those counts are brought against. Count five contains multiple allegations against "Defendants" without any specification as to

8

which defendants are being referenced or allegedly committed the acts in question.  And although counts three and four are directed at clearly identified groups of defendants, they contain no allegations that are specific to any of the listed defendants.  In addition to violating general pleading principles, this failure to differentiate between the various defendants is fatal for Plaintiff's fraud claims.  See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) ("The plaintiff must allege facts with respect to each defendant's participation in the fraud."); Fletcher v. Lupo, 2008 U.S. Dist. LEXIS 137448, at *7, 2008 WL 11381387, at *3 (N.D. Ala. Dec. 1, 2008) ("When plaintiffs allege fraud-based claims against multiple defendants, the complaint must attribute particular statements or acts to particular defendants."), report and recommendation adopted, 2009 U.S. Dist. LEXIS 147396, 2009 WL 10688966 (N.D. Ala. Feb. 27, 2009); Wyndham Vacation Ownership, Inc. v. US Consumer Att'ys, P.A., 2019 U.S. Dist. LEXIS 226576, at *16, 2019 WL 7837887, at *5 (S.D. Fla. July 3, 2019) ("When a complaint asserts claims against multiple defendants, it cannot merely 'lump[ ] together all of the defendants in their allegations of fraud.'  Instead, a complaint must contain specific allegations with respect to each defendant that are sufficient to 'inform each defendant of his alleged participation in the fraud.'") (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380-81 (11th Cir.

1997)); Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc., 522 F. Supp. 3d 1202, 1209 (S.D. Fla. 2021) (noting that "group pleading is not permitted under Rule 9(b)").

The complaint also violates the general rule against fictitious party pleading in federal court. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The Eleventh Circuit recognizes a limited exception to this rule when the plaintiff's description of the defendant "is, 'at the very worst, surplusage' because the plaintiff's description of the defendant is 'sufficiently clear to allow service of process.'" Vielma v. Gruler, 808 F. App'x 872, 880 (11th Cir. 2020) (per curiam) (citing Dean v. Barber, 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992)). However, none of the fictitious defendants named in Plaintiff's first amended complaint fall within the narrow exception to the rule against fictitious party pleading.

More broadly, the complaint is rife with labels, conclusions, and generalized allegations devoid of factual detail. This, combined with the other issues described above, makes it difficult to determine precisely which claims are being asserted against which defendants and the factual basis for Plaintiff's claims against each defendant.

Although the first amended complaint is an impermissible shotgun pleading, Movants have been well enough informed of the general nature of Plaintiff's claims to raise substantive

arguments for dismissal for failure to state a claim. However, because "the district court ought to take the initiative to dismiss . . . [a] shotgun pleading," Weiland, 792 F.3d at 1321 n.10, the undersigned submits that the Court should grant the motion to dismiss on the basis that the first amended complaint is a shotgun pleading and decline to address the remaining substantive arguments. This conclusion is bolstered by the fact that the first amended complaint was filed in Alabama state court, where pleading standards are less demanding. See Dowdell v. Lee County, Ala., 2018 U.S. Dist. LEXIS 51628, at *14-15, 2018 WL 1519049, at *5 (M.D. Ala. Mar. 28, 2018) ("[W]here Plaintiff filed his complaint in state court to comport with that forum's more relaxed pleading requirements, and where Defendants have removed the matter to this court and challenged the sufficiency of Plaintiff's allegations pursuant to the more exacting federal standard, justice is best served by allowing Plaintiff an opportunity to re-plead his claims under the federal pleading standard."). Additionally, addressing Movants' substantive arguments at this juncture would be inefficient in light of Plaintiff's pending request for leave to amend his pleadings, particularly the allegations in count five. (See Doc. 14 at 7, 9). Accordingly, the undersigned recommends that the first amended complaint be dismissed without prejudice as a shotgun pleading, and that Plaintiff be granted leave to file a

second amended complaint that complies with federal pleading standards.

The undersigned notes that in dismissing a complaint on shotgun pleading grounds, "a district court must give the plaintiff 'one chance to remedy such deficiencies.'" Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (quoting Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)). An "initial repleading order comes with an implicit 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" Vibe Micro, 878 F.3d at 1295 (citation omitted).

## IV.   CONCLUSION

Because the first amended complaint Plaintiff filed in state court is an impermissible shotgun pleading, the undersigned recommends that Movants' motion to dismiss (Doc. 10) be **GRANTED in part** and **DENIED in part**, that Plaintiff's first amended complaint be **DISMISSED without prejudice** as a shotgun pleading, and that Plaintiff be **GRANTED LEAVE** to file a second amended complaint that complies with the Federal Rules of Civil Procedure. That is, the second amended complaint must present Plaintiff's claims for relief with sufficient clarity to allow the Court to discern which causes of action are being asserted against which defendants and

12

the factual basis for each cause of action asserted against each defendant.  Plaintiff must set forth facts pertaining to each defendant – not threadbare recitals or generalized allegations of wrongdoing – that plausibly demonstrate a valid legal basis for his claims.  Moreover, under Federal Rule of Civil Procedure 9(b), Plaintiff must allege any claims sounding in fraud with precision and specificity.  And Plaintiff must name only proper defendants and omit purely fictitious defendants from his second amended complaint.  Plaintiff is cautioned that failure to comply with these directives may ultimately result in the dismissal of this case.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

13

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **23rd** day of **March, 2026.**

           **/s/ SONJA F. BIVINS**
           **UNITED STATES MAGISTRATE JUDGE**

14